IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00734-BNB

DAREN M. DOZIER,

    Plaintiff,

v.

MR. PHILLIP GEIGLE, Deputy District Attorney,
MR. ZUNAGA, Sgt. Denver County Sheriff,
MR. D. BANKS, Deputy Denver County Sheriff,
MR. T. J. CULLEN, Deputy Denver County Sheriff, and
MR. JOHN GRUMMEL, Denver Resident (Former Neighbor),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 28 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Daren M. Dozier is a pretrial detainee and is currently held at the Denver County Jail in Denver, Colorado. Mr. Dozier has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his Fourth, Fifth, and Fourteenth Amendment rights have been violated. Plaintiff seeks money damages.

The Court must construe the Prisoner Complaint liberally because Mr. Dozier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate

for *pro se* litigants. *See id.* For the reasons stated below, the Complaint and the action will be dismissed.

Mr. Dozier alleges that he is facing criminal charges in the Denver County District Court and that Defendants have violated his constitutional rights during the course of the criminal proceedings. Mr. Dozier also asserts Defendants have conspired in taking mail, including legal mail, from his jail cell and from the mail box located at his wife's home address that includes exculpatory evidence in his pending criminal trial.

Mr. Dozier may not recover damages for the Fourth and Fifth Amendment claims that he asserts because the claims challenge the validity of a possible conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999).

Although "[c]laims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the

actions actually occur," *Beck*, 195 F.3d at 558, to recover compensatory damages Plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury that does not encompass the "injury" of being convicted and imprisoned, *Heck*, 512 U.S. at 487 n. 7. Even though Plaintiff is asserting a Fourth Amendment claim due to an alleged illegal search and seizure, the claim is barred by *Heck*.

A judgment in favor of Plaintiff's claim that Defendants violated his Fourth Amendment rights when they seized mail from him that included exculpatory evidence in his pending state criminal proceeding necessarily would imply the invalidity of his state court criminal proceedings. Plaintiff fails to assert any compensable injury other than the injury of possibly being convicted and imprisoned. Therefore, Plaintiff's claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

The Court also notes that to the extent Plaintiff raises a Fourth Amendment claim on behalf of his wife, Plaintiff lacks standing to raise such a claim. Furthermore, to the extent Plaintiff asserts a denial of due process in the taking of his mail, an unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Mr. Dozier states that he exhausted available administrative remedies and provides copies of the grievance he filed. If a grievance procedure provides a meaningful remedy, there is no due process violation. *See Hudson*, 468 U.S. at 536;

3

*Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). Mr. Dozier does not assert that the grievance remedy available to him is inadequate. Plaintiff's Fourth Amendment claim on behalf of his wife and his Fourteenth Amendment claim both are legally frivolous. Accordingly, it is

ORDERED that the Complaint and the action are dismissed in part without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that the Complaint and action are dismissed in part as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 28 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00734-BNB

Daren M. Dozier
Prisoner No. 1566764
DCJ - Bldg. 8A-11
10500 E. Smith Road
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/28/8

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk